UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ASHER JAMES BECKER,

                Plaintiff,

v.

WHATCOM COUNTY, *et al.*,

                Defendants.

Case No. C15-285-RAJ-JPD

ORDER RE: PENDING MOTIONS

       This is a civil rights action brought under 42 U.S.C. § 1983.  This matter comes before the Court at the present time on the Aramark defendants' motion to stay discovery, plaintiff's motion for an extension of time to respond to the Aramark defendants' motion to stay discovery, and plaintiff's motion for appointment of counsel.  The Court, having reviewed the pending motions, and the balance of the record, hereby finds and ORDERS as follows:

       (1)    The Aramark defendants' motion to stay discovery (Dkt. 31) is GRANTED.  The Aramark defendants seek to stay discovery pending a ruling on their motion to dismiss.  In conjunction with this Order, this Court has issued a Report and Recommendation recommending that defendants' motion to dismiss be denied.  However, the Court deems it appropriate to nonetheless stay discovery until the district judge has an opportunity to consider the Report and

ORDER RE: PENDING MOTIONS - 1

Recommendation and any objections thereto.  Plaintiff will not be prejudiced at this juncture by a slight delay in receiving responses to his discovery requests.

(2)     Plaintiff's motion for an extension of time to respond to defendants' motion to stay discovery (Dkt. 37) is DENIED.  This Court does not deem a response to defendants' motion necessary in the circumstances presented here.  As noted above, plaintiff will not be prejudiced by a slight delay in receiving responses to his discovery requests.  If defendants' motion to dismiss is ultimately denied by the district judge, plaintiff will be provided ample opportunity to conduct necessary and relevant discovery.

(3)     Plaintiff's motion for appointment of counsel (Dkt. 38) is DENIED.  There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Wilborn*, 789 F.2d at 1331.

The legal issues involved in this action are not particularly complex and plaintiff has clearly demonstrated an ability to articulate his claims *pro se*.  As for plaintiff's likelihood of success on the merits of his claims, the record is not yet sufficiently developed for this Court to make such a determination.  Based on the information available to the Court at this juncture, this Court must conclude that plaintiff has not demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel.  Plaintiff's motion for appointment of

ORDER RE: PENDING MOTIONS - 2

counsel is therefore denied, but the denial is without prejudice to plaintiff renewing his motion at a later time.

(4)     The Clerk is directed to send copies of this Order to plaintiff, to all counsel of record, and to the Honorable Richard A. Jones.

DATED this 20th day of July, 2015.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER RE: PENDING MOTIONS - 3